JOHN G. BURGEE, ESQ. (State Bar No. 132129)
BURGEE & ABRAMOFF, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
(818) 264-7575

Attorneys for Plainitff PARTY TIME
COSTUME FACTORY, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARTY TIME COSTUME FACTORY, LTD., a Chinese limited company,<br><br>Plaintiff,<br><br>vs.<br><br>FANTASY LINGERIE, a business of unknown form; MIKE SAVAGE, an individual; PACOIMA CLOTHING, LLC, a California limited liability company; AMUZEMENT ENTERPRISES, INC., a California corporation; FPA CUSTOMS BROKERS, INC., a New York corporation; and DOES 1 to 10 inclusive,<br><br>Defendants. | CASE NO. CV11 04956 PSG PJWx<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. CONVERSION<br>3. BREACH OF CONTRACT<br>4. BREACH OF FIDUCIARY DUTY<br>5. NEGLIGENCE<br>6. COMMON COUNTS<br>7. ACCOUNT STATED<br>8. BOOK ACCOUNT |

Plaintiff PARTY TIME COSTUME FACTORY, LTD. alleges:

**THE PARTIES**

1. Plaintiff PARTY TIME COSTUME FACTORY, LTD. is and was at all times material hereto a limited company organized and existing under the laws of the People's Republic of China. Plaintiff is a citizen of the People's Republic of China. Plaintiff is not a citizen of the State of California or of the United States of America.

2. Defendant FANTASY LINGERIE ("FANTASY") is and was at all times material hereto a business entity of unknown form that conducts business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon

1

COMPLAINT

alleges that Defendant MIKE SAVAGE ("SAVAGE") is an individual who resides in California and is the owner of FANTASY. Defendants FANTASY and SAVAGE are both citizens of the State of California. Plaintiff is informed and believes and thereon alleges that SAVAGE is and was the principal of FANTASY.

3. Defendant PACOIMA CLOTHING, LLC is and was at all times material hereto, a California limited liability company. Defendant AMUZEMENT ENTERPRISES; INC. is was at all times material hereto, a California corporation. Defendants PACOIMA and AMUZEMENT are both citizens of the State of California. Plaintiff is informed and believes and thereon alleges that (i) SAVAGE is and was the principal of PACOIMA and AMUZEMENT, (ii) PACOIMA and AMUZEMENT both have conducted business using the ficticious business name of "Fantasy Lingerie", and (iii) PACOIMA and AMUZEMENT are successors in interest of FANTASY, and AMUZEMENT is the successor in interest of PACOIMA.

4. Defendant FPA CUSTOMS BROKERS, INC. ("FPA") is and was at all times material hereto a corporation organized under the laws of the State of New York, which is qualified to do business in the State of California and that conducts business in the County of Los Angeles, State of California. Defendant FPA is a citizen of the States of New York and California.

5. The names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will amend this Complaint when the true names and capacities of such Defendants have been ascertained. Plaintiff further alleges that each such Defendant is responsible in some manner for the actions alleged herein and further for the damages suffered by Plaintiff.

6. At all times herein relevant and in doing the acts alleged herein, each Defendant was the agent, servant, partner, employer and/or employee of each and every other Defendant and the acts of each Defendant were within the course and scope of said agency, service, partnership and/or employment.

2
COMPLAINT

7.  Plaintiff is informed and believes and thereon alleges that SAVAGE, PACOIMA, AMUZEMENT and DOES 1 to 5 are principals and partners of FANTASY that are vicariously liable for the claims against FANTASY alleged herein. Alternatively, Plaintiff is informed and believes, and on that basis alleges, that there exists, and at all times relevant herein there existed, a unity of interest in ownership between Defendants FANTASY, SAVAGE, PACOIMA, AMUZEMENT and DOES 1 to 5 (the "FANTASY DEFENDANTS"), such that any individuality and separateness between these parties has ceased, and that these parties are the alter egos of each other and it would be unjust not to hold each of these parties liable for the claims against any of the other parties alleged herein.

## JURISDICTION AND VENUE

8.  This action, as hereinafter more fully appears, is subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1332(a) based upon the amount in controversy being in excess of $75,000.00 and the action involving a business entity that is a citizen of a foreign country, on the one hand, and citizens of the United States, on the other.

9.  This action is properly venued in this Court pursuant to 28 U.S.C. 1391(a)(2) in that a substantial part of the events and the injury to Plaintiff occurred in this district.

## BACKGROUND OF THE CONTROVERSY

10. Plaintiff is a manufacturer of clothing items, among other things. The FANTASY DEFENDANTS were a customer of Plaintiff. When the FANTASY DEFENDANTS ordered merchandise from Plaintiff, Plaintiff shipped the orders to them in Los Angeles pursuant to Bills of Lading. The parties' practice was that the shipments were processed through customs in Los Angeles by Defendant FPA and held for delivery to the FANTASY DEFENDANTS. FPA was not supposed to release any shipment to the FANTASY DEFENDANTS until they presented the original Bill of Lading to FPA or Plaintiff otherwise gave permission for the release of the shipment.

//

3
COMPLAINT

11. Within the last two years, FPA released one or more shipments of merchandise to the FANTASY DEFENDANTS without the original Bill of Lading or Plaintiff's permission. The outstanding amount due to Plaintiff for these shipments is $79,919.90. The FANTASY DEFENDANTS have never paid for this merchandise.

## FIRST CAUSE OF ACTION

(Breach of Contract Against the FANTASY DEFENDANTS)

12. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

13. The FANTASY DEFENDANTS placed orders for Plaintiff's merchandise using written Purchase Agreements. The orders were shipped by Plaintiff pursuant to written Bills of Lading and written Invoices were issued by Plaintiff to the FANTASY DEFENDANTS for the merchandise shipped. These written documents established a contractual relationship between the parties for the sale of merchandise to the FANTASY DEFENDANTS. The FANTASY DEFENDANTS breached the parties' contractual relationship by failing and refusing to pay for shipments totaling $79,919.90 in merchandise which were the subject of invoices dated November 21, 2009 and February 5, 2010. Payment was due under the invoices within 30 days.

14. Plaintiff performed all acts, services and conditions required by the parities' agreements except as have been waived, excused or rendered impossible by Defendants, their conduct and their breaches of contract.

15. Plaintiff has been damaged in the amount of approximately $79,919.90 plus interest thereon.

## SECOND CAUSE OF ACTION

(Conversion Against the FANTASY DEFENDANTS)

16. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

17. Defendants are not entitled to the ownership of possession of Plaintiff's merchandise that they have not paid for and for which they did not possess an original

1  Bill of Lading. Nonetheless, Defendants have taken possession and converted Plaintiff's
2  merchandise without remitting payment to Plaintiff.
3      18.    As the result of Defendants' conversion, Plaintiff has been damaged in the
4  amount of $79,919.90.
5      19.    Defendants' conversion was malicious in that Defendants purposefully
6  took merchandise from FPA that they knew they had no right to take since they did not
7  have an original Bill of Lading, and that in doing so they were violating Plaintiff's rights
8  and causing harm to Plaintiff. Further, Plaintiff is informed and believes and thereon
9  alleges that Defendants' conversion was fraudulent in that Defendants misrepresented
10 their failure to pay for the merchandise and their entitlement to the shipments in order to
11 obtain same from FPA. Any corporate action by the FANTASY DEFENDANTS in
12 engaging in this conduct was known to, committed by, authorized by and/or ratified by
13 SAVAGE and the other officers, directors, and/or principals of these parties. Plaintiff is
14 therefore entitled to exemplary damages against Defendants, and each of them, in an
15 amount sufficient to deter such conduct which Plaintiff submits should be in excess of
16 $500,000 subject to proof at trial.

### THIRD CAUSE OF ACTION

(Breach of Statutory Bailment Against FPA and DOES 6 to 10)

19     20.    Plaintiff incorporates here by reference all of the allegations set forth in
20 paragraphs 1 through 11, inclusive, of this Complaint.
21     21.    FPA was and is in the business of obtaining customs clearances and
22 warehousing goods shipped to the United States. As such, FPA operated a "warehouse"
23 and acted as a "bailee" as those terms are defined in California Commercial Code Section
24 7101(a). FPA provided such services in connection with Plaintiff's shipments to the
25 FANTASY DEFENDANTS. As a result, FPA had a duty not to release Plaintiff's
26 shipments to the FANTASY DEFENDANTS without an original Bill of Lading or
27 Plaintiff's express permission.
28     22.    FPA breached its obligations under the California Commercial Code by

improperly releasing one or more shipments to the FANTASY DEFENDANTS without Plaintiff's permission and or original Bills of Lading. FPA's delivery of such merchandise to the FANTASY DEFENDANTS was not in good faith in that FPA knew, or should have been aware, that the FANTASY DEFENDANTS had not complied with the California Commercial Code and that it had not been presented with an original Bills of Lading or proper authority to release merchandise by Plaintiff.

23. The FANTASY DEFENDANTS have failed and refused to pay for the merchandise improperly released by FPA and Plaintiff has been unable to collect payment from the FANTASY DEFENDANTS. Plaintiff has been damaged in the amount of $79,919.90 plus interest thereon.

## FOURTH CAUSE OF ACTION

(Breach of Fiduciary Duty Against FPA and DOES 6 to 10)

24. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

25. FPA acted as a bailee for Plaintiff's merchandise shipped to the FANTASY DEFENDANTS. FPA therefore owed Plaintiff a fiduciary duty that included retaining Plaintiff's shipments until Plaintiff gave express permission for the release of the merchandise or FPA was presented with an original Bill of Lading.

26. FPA breached its fiduciary duty to Plaintiff by releasing one or more shipments to the FANTASY DEFENDANTS where they had not presented an original Bill of Lading and Plaintiff had not authorized the release of the shipments.

27. As the result of FPA's breach of fiduciary duty, Plaintiff has been unable to collect payment from the FANTASY DEFENDANTS for merchandise released without payment. Plaintiff has been damaged in the amount of $79,919.90 plus interest thereon.

## FIFTH CAUSE OF ACTION

(Negligence Against FPA and DOES 6 to 10)

28. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

29. FPA owed Plaintiff a duty of care in connection with the shipment of merchandise to the FANTASY DEFENDANTS.

30. FPA breached its duty of care owed to Plaintiff by negligently releasing one or more shipments to the FANTASY DEFENDANTS where they had not presented an original Bill of Lading and Plaintiff had not authorized the release of the shipments.

31. As the result of FPA's negligence, Plaintiff has been unable to collect payment from the FANTASY DEFENDANTS for merchandise released without payment. Plaintiff has been damaged in the amount of $79,919.90 plus interest thereon.

### SIXTH CAUSE OF ACTION

(Common Counts Against All Defendants)

32. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

33. Plaintiff shipped merchandise to Defendants worth $79,919.90. Defendants have neither returned nor paid for the merchandise. Defendants are therefore indebted to Plaintiff in common counts for the value of the merchandise in the amount of $79,919.90 plus interest thereon.

### SEVENTH CAUSE OF ACTION

(Account Stated Against the FANTASY DEFENDANTS)

34. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint.

35. Within the last two years, an account was stated in writing by and between Plaintiff and Defendants for the goods sold by Plaintiff to Defendants, wherein it was agreed that Defendants were indebted to Plaintiff in the sum of $79,919.90.

36. Although Plaintiff has made demand to Defendants to pay the account stated, Defendants have failed and refused to compensate Plaintiff. Plaintiff has therefore been damaged in the sum of $79,919.90 plus interest thereon.

//
//

## EIGHTH CAUSE OF ACTION

(Open Book Account Against the FANTASY DEFENDANTS)

37. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 11, inclusive of this Complaint.

38. Plaintiff maintained a book account for its account with Defendants recording sales of merchandise to Defendants and payments made therefor. Defendants agreed to pay the sums shown due by the open book account maintained by Plaintiff. The open book account maintained by Plaintiff reflects a principal balance owed by Defendants to Plaintiff in the sum of $79,919.90.

39. Although Plaintiff has made demand to Defendants to pay for the merchandise they purchased as reflected in the open book account, Defendants have failed and refused to compensate Plaintiff. Plaintiff has therefore been damaged in the sum of $79,919.90 plus interest thereon. Plaintiff is also entitled to attorneys fees pursuant to <u>California Civil Code</u> Section 1717.5.

## PRAYER

WHEREFORE, Plaintiff prays that judgement be entered against Defendants, and each of them, as follows:

1. For compensatory damages of $79,919.90;

2. For exemplary damages of at least $500,000 against the FANTASY DEFENDANTS, as determined appropriate;

3. For pre-judgment interest;

4. For costs of suit incurred herein including any attorneys fees authorized by law or contract; and,

5. For such other and further relief as the Court deems just and proper.

DATED: June 8, 2011.    BURGEE & ABRAMOFF P.C.

By: _____
JOHN G. BURGEE
Attorneys for Plaintiff PARTY TIME
COSTUME FACTORY, LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV11- 4956 PSG (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
John G. Burgee, Esq.
Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARTY TIME COSTUME FACTORY, LTD., a Chinese limited company <br><br> PLAINTIFF(S) <br> v. <br> FANTASY LINGERIE, etc., et al., <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11 04956 PSG PJWx <br><br> SUMMONS |

TO:   DEFENDANT(S): FANTASY LINGERIE, MIKE SAVAGE, PACOIMA CLOTHING, LLC, AMUZEMENT ENTERPRISES, INC., FPA CUSTOMS BROKERS, INC., DOES 1 to 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _John G. Burgee/Burgee & Abramoff_, whose address is _20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUN 10 2011

By: CHRISTOPHER POWER
Deputy Clerk

(Seal of the Court)
1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                           SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PARTY TIME COSTUME FACTORY, LTD., a Chinese limited company

**DEFENDANTS**
FANTASY LINGERIE, a business of unknown form; MIKE SAVAGE, an individual; PACOIMA CLOTHING, LLC, a California limited liability company; AMUZEMENT ENTERPRISES, INC., a California corporation; FPA CUSTOM BROKERS, INC., a New York corporation; and DOES 1 to 10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John G. Burgee/Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ 79,919.90

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
13 USC 1332(a) -- Collection for unpaid merchandise

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**CV11 04956**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | People's Republic of China |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date June 8, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |